Miscellaneous Docket No.

# United States Court of Appeals
### *for the*
# Federal Circuit

IN RE SIMON SHIAO TAM,

*Petitioner.*

PETITION FOR A WRIT OF MANDAMUS TO THE DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE, SERIAL NO. 85/472,044

## PETITION FOR A WRIT OF MANDAMUS

RONALD D. COLEMAN, ESQ.
JOEL G. MACMULL, ESQ.
JOHN C. CONNELL, ESQ.
ARCHER & GREINER P.C.
One Centenntial Sqaure
P.O.Box 3000
Haddonfield NJ 08033
(856) 795-2121

*Attorneys for Petitioner Simon Shiao Tam*

March 14, 2016

# CERTIFICATE OF INTEREST

Counsel for petitioner Simon Shiao Tam certifies the following:

1. The full name of every party or *amicus* represented by me is:

Simon Shiao Tam.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Simon Shiao Tam.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties we represent are:

None.

4. The names of all law firms and the partners or associates that appeared for the party or *amicus* now represented by me in the trial court or agency or are expected to appear in this court are:

Ronald D. Coleman, John C. Connell and Joel G. MacMull of Archer & Greiner, P.C.

          **ARCHER & GREINER P.C.**

          /s/ Joel G. MacMull
          Ronald D. Coleman
          John C. Connell
          Joel G. MacMull

          *Attorneys for Petitioner Simon Shiao Tam*

Dated: March 14, 2016

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

I. INTRODUCTION .......................................................................................1

II. ISSUE PRESENTED ..................................................................................2

III. JURISDICTIONAL STATEMENT ............................................................2

IV. STATEMENT OF FACTS RELEVANT TO THE PETITION .....................2

V. STANDARD OF REVIEW .........................................................................3

VI. ARGUMENT...............................................................................................4

    A. Mr. Tam Has No Other Means to Attain This Relief...........................5

    B. The Director's Decision of March 11, 2016 to Suspend the Tam Application is Clearly Erroneous and Conflicts With the Unambiguous Language of the Opinion and Judgment........................5

        1. The PTO and Director Have Violated 28 U.S.C. §2106 by Refusing to Comply With the Opinion and Judgment .................................................................................6

    C. A Writ Is Appropriate Under These Circumstances ...........................8

VII. CONCLUSION............................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Bd. of Trs. v. Houndstooth Mafia Enters. LLC*,
   Case No. 13-cv-1736 (RDP), 2016 U.S. Dist. LEXIS 21645
   (N.D. Ala. Feb. 23, 2016) ................................................................................6, 8

*Cheney v. U.S. Dist. Court for the D.C.*,
   542 U.S. 367 (2004) ............................................................................................5

*Dethmers Manufacturing, Inc. v. Automatic Equipment Manufacturing Co.*,
   272 F.3d 1365 (Fed. Cir. 2001) ..........................................................................4

*Environmental Defense Fund, Inc. v. Costle*,
   578 F.2d 337 (D.C. Cir. 1978) ............................................................................6

*Greater Boston Television Corp. v. F.C.C.*,
   463 F.2d 268 (D.C. Cir. 1972) ............................................................................6

*In re Cuozzo Speed Techs, LLC*,
   793 F.3d 1268 (Fed. Cir. 2015) ..........................................................................5

*In re Garner*,
   508 F.3d 1376 (Fed. Cir. 2007) ..........................................................................4

*In re Princo Corp.*,
   478 F.3d 1345 (Fed. Cir. 2007) ..........................................................................4

*National Cable & Telecommunications Association v.
   Brand X Internet Services*,
   545 U.S. 967 (2005) ............................................................................................4

*Northern Telecom, Inc. v. Datapoint Corp.*,
   908 F.2d 931 (Fed. Cir. 1990) ............................................................................5

*Star Fruits S.N.C. v. United States*,
   393 F.3d 1277 (Fed. Cir. 2005) ..........................................................................4

*Stevens v. Tamai*,
   366 F.3d 1325 (Fed. Cir. 2004) ..........................................................................4

**Statutes & Other Authorities:**

15 U.S.C. § 1052(a) ...............................................................................1, 2, 5, 9

15 U.S.C. § 1071(a)(4) ....................................................................................8

28 U.S.C. § 1651 .........................................................................................1, 2

28 U.S.C. § 1651(a) .........................................................................................4

28 U.S.C. § 2106 ..............................................................................................6

35 U.S.C. § 2(b)(2) ..........................................................................................4

35 U.S.C. § 1295(a)(4)(B) ...............................................................................2

Lanham Act § 12(a) ...............................................................................1, 2, 9

Lanham Act § 13(a) .........................................................................................9

Lanham Act § 13(b) .........................................................................................9

I.   **<u>INTRODUCTION</u>**

Simon Shiao Tam ("Petitioner") respectfully petitions this Court, pursuant to the All Writs Act, 28 U.S.C. §1651, to order the Under Secretary of Commerce for Intellectual Property and Director of the U.S. Patent & Trademark Office ("the PTO") to execute her statutory duties and the previous orders of this Court herein and publish Petitioner's trademark application, Serial No. 85/472,044 (the "Tam Application") for THE SLANTS for opposition in the *Official Gazette* of the PTO in accordance with §12(a) of the Lanham Act and to otherwise process the Tam Application in all respects as any other without regard to the so-called "disparagement" bar of §2(a) of the Lanham Act, 15 U.S.C. §1052(a) ("§2(a)").

This Court issued an *en banc* opinion and judgment on December 22, 2015 ("Opinion and Judgment") invalidating the disparagement bar to registration of §2(a) as unconstitutional, vacating the holding of the Trademark Trial and Appeal Board ("the Board") that Mr. Tam's mark is unregistrable, "and remanding the case to the Board for further proceedings." The Court issued its formal mandate on February 12, 2016 ("Mandate"), following which, on March 8, 2016, the Petitioner filed a request with the Director that she commence "further proceedings" as ordered by this Court. The Director both refuses to do so and has affirmatively communicated her intention not to comply with this Court's orders to Petitioner, as set forth below.

## II. ISSUE PRESENTED

Having conducted no further proceedings despite this Court's Opinion and Judgment and the resulting Mandate directing that such proceedings occur, has the Director failed to perform her duties by refusing to publish the Tam Application in the *Official Gazette* in accordance with §12(a) of the Lanham Act?

## III. JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to the All Writs Act, 28 U.S.C. §1651, and because the writ challenges a decision by the Director or the Board. 35 U.S.C. §1295(a)(4)(B).

## IV. STATEMENT OF FACTS RELEVANT TO THE PETITION

On December 22, 2015, the Court reversed the affirmance of the Board of the PTO's final refusal to register the Tam Application on the ground that it was "disparaging" under §2(a), which the Court held, in its Opinion and Judgment, was unconstitutional on its face and as applied under the First Amendment and ordered the case remanded to the Board for "further proceedings." (*See generally* Declaration of Joel G. MacMull sworn to on March 14, 2016 ("MacMull Decl."), Ex. 1.) On February 12, 2016, in accordance therewith and pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, the Court issued its Mandate. (*Id.*, Ex. 2.)

On March 8, 2016, 24 days after service of the Mandate upon the PTO, during which time no "further proceedings" were commenced by the Board with regard to the Tam Application, Mr. Tam submitted to the PTO "Applicant's Request for Timely Compliance by the Director of the U.S. Patent and Trademark Office with the Mandate for the Court of Appeals for the Federal Circuit." (*Id.*, Ex. 3). That submission requested that the Director advise Mr. Tam in writing by March 11, 2016 of her intentions regarding compliance with the Mandate "or, if her intentions are otherwise, setting forth the basis in law for such non-compliance." (*Id.*) On March 11, 2016 at 6:18 p.m., the Office of Solicitor for the PTO emailed Petitioner a response to his March 8, 2016 filing, stating, in relevant part:

> The Federal Circuit's decision in *In re Tam* remains subject to potential Supreme Court review. 28 U.S.C. §1254. … Consistent with USPTO practice following a Federal Circuit decision in an appeal of a Board decision, there will be no "further proceedings" at the Board regarding [the Tam Application] until the last of the following occurs: 1) the period to petition for a writ of certiorari (including any extensions) in *In re Tam* expires without a petition being filed; (2) a petition for certiorari is denied; or (3) certiorari is granted and the U.S. Supreme Court issues a decision.

(*Id.*, Ex. 4.)

## V.   STANDARD OF REVIEW

Congress has delegated to the PTO the rulemaking power to "establish regulations, not inconsistent with the law, which ... shall govern the conduct of

proceedings in the Office." 35 U.S.C. §2(b)(2); *see also Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1282 (Fed. Cir. 2005); *Stevens v. Tamai*, 366 F.3d 1325, 1333 (Fed. Cir. 2004). This Court's defers to the PTO's interpretation of its own regulations unless that interpretation is plainly erroneous or inconsistent with the regulation. *See Star Fruits S.N.C.*, 393 F.3d at 1277.

The PTO is bound to follow judicial interpretations of its regulations set forth in the decisions of this Court. *See, e.g., In re Garner*, 508 F.3d 1376, 1378-79 (Fed. Cir. 2007); *Dethmers Manufacturing, Inc. v. Automatic Equipment Manufacturing Co.*, 272 F.3d 1365, 1370 (Fed. Cir. 2001). This obligation applies in instances where judicial precedent unambiguously forecloses the PTO's interpretation, and therefore contains no gap for the agency to fill. *See National Cable & Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967, 982 (2005). Such is the case here.

## VI. ARGUMENT

A writ of mandamus will issue under 28 U.S.C. §1651(a) upon a showing that the right to issuance of the writ is "clear and indisputable" and that the applicant "lacks adequate alternative means to obtain the relief sought." *In re Princo Corp.*, 478 F.3d 1345, 1353 (Fed. Cir. 2007). Three conditions must be satisfied before a court may issue a writ of mandamus:

> First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. . . . Second, the

petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. . . . Third, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*In re Cuozzo Speed Techs, LLC*, 793 F.3d 1268, 1274-5 (Fed. Cir. 2015); *see also Cheney v. U.S. Dist. Court for the D.C.*, 542 U.S. 367, 380 (2004). All three conditions are met here.

### A. Mr. Tam Has No Other Means to Attain This Relief

Petitioner has no other means to attain relief from the PTO's refusal to comply with this Court's Opinion and Judgment and the subsequent Mandate. As a result, Mr. Tam is precluded from obtaining his trademark registration solely on the ground of the PTO's interpretation of §2(a), contrary to this Court's rulings, as explicitly admitted by the Director's rationalization of her formal suspension of his application.

### B. The Director's Decision of March 11, 2016 to Suspend the Tam Application is Clearly Erroneous and Conflicts With the Unambiguous Language of the Opinion and Judgment

"Abuse of discretion may obtain when the [PTO] ruling reflects an erroneous application or interpretation of law, or shows a clear error of judgment, or is based on clearly erroneous factual findings." *Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 937 (Fed. Cir. 1990). Here, the Director's unilateral election to suspend all further proceedings involving the Tam Application, on the *ipse dixit* authority that doing so is "[c]onsistent with USPTO

practice following a Federal Circuit decision in an appeal of a Board decision" is clearly erroneous as a matter of law and an abuse of discretion.

### 1. The PTO and Director Have Violated 28 U.S.C. §2106 by Refusing to Comply With the Opinion and Judgment

The Director's rationalization for "suspending" further proceedings concerning the Tam Application, despite this Court's explicit order remanding the Tam Application for further proceedings, is that whatever the Federal Circuit has to say is "subject to potential Supreme Court review." The Director does not, however, have the option of ignoring the ruling of a reviewing Court until "all the votes are in" from all possible reviewing courts. Federal law states:

> The Supreme Court **or any other court of appellate jurisdiction** may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. §2106 (emphasis added.) It is well established that §2106 applies to appellate review of agency orders. *See Greater Boston Television Corp. v. F.C.C.*, 463 F.2d 268, 277 (D.C. Cir. 1972); *Environmental Defense Fund, Inc. v. Costle*, 578 F.2d 337, 346 n.33, (D.C. Cir. 1978); *Bd. of Trs. v. Houndstooth Mafia Enters. LLC*, Case No. 13-cv-1736 (RDP), 2016 U.S. Dist. LEXIS 21645, at *12 (N.D.Ala. Feb. 23, 2016). As the United States District Court for the Northern District of Alabama recently wrote in *Houndstooth Mafia Enters.*:

6

"Administrative agencies []are not free to ignore [a] court's mandates. This 'mandate rule' is sometimes described as part of the inaptly-named 'law of the case doctrine.'" *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 950 (6th Cir. 1999) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §4478, at 788-93 (1st ed. 1981 & Supp.1999) and *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998) (noting that the doctrine applies to judicial review of administrative decisions)). In this sense, the TTAB, an administrative body, is no different [from] a lower court which is reviewed by an appellate court. "The mandate rule is a 'specific application of the 'law of the case doctrine' requiring that '[a] trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'" *Norelus v. Denny's, Inc*., 628 F.3d 1270, 1288 (11th Cir. 2010) (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119-20 (11th Cir. 1985)). Thus, **the mandate rule requires the TTAB to follow, rather than reexamine (or worse, ignore), this court's final judgment**.

When a lower court is subject to appellate review, it "is not free to deviate from the appellate court's mandate." *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 n. 2 (11th Cir. 1984). "A district court when acting under an appellate court's mandate, 'cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.'" *Litman v. Mass. Mut. Life Ins. Co*., 825 F.2d 1506, 1510-11 (11th Cir. 1987) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S. Ct. 291, 40 L. Ed. 414 (1895)). "'Although the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to follow the appellate court's holdings, both expressed and implied.'" *Piambino*, 757 F.2d at 1119 (internal citations omitted). **If an Article III court is so bound by an appellate court's decision, it follows that an administrative body (like the TTAB) is similarly constrained by a district court's decision made while that court is acting as an appellate court reviewing a decision of the TTAB.**

7

*Houndstooth Mafia Enters.*, 2016 U.S. Dist. LEXIS 21645, at *13-15 (emphasis added).

Inasmuch as the ruling of *Houndstooth Mafia Enters.* was founded on the law of the case doctrine following an appeal to a District Court, *a fortiori* the authority for mandamus here is a mandatory function of federal statute following an appeal to the Federal Circuit, as set forth in the explicit language of §21 of the Lanham Act:

> The United States Court of Appeals for the Federal Circuit shall review the decision from which the appeal is taken on the record before the United States Patent and Trademark Office. Upon its determination the court shall issue its mandate and opinion to the Director, which shall be entered of record in the United States Patent and Trademark Office **and shall govern the further proceedings in the case**.

15 U.S.C. §1071(a)(4) (emphasis added). The law is clear: the Director's actions in disregarding this Court's orders have no foundation in law and constitute an abuse of discretion.

### C.   A Writ Is Appropriate Under These Circumstances

A writ of mandamus is appropriate here because: (i) it will allow Petitioner to exercise his right to registration as accorded by this Court; (ii) the Director's formal suspension of the Tam Application is a legally unsupportable directive; and (iii) there is no factual basis to conclude that granting this narrow writ will subject this Court to a multitude of similar writs.

## VII. **CONCLUSION**

The Director has made a serious error in law and abused her discretion by flatly refusing to comply with rulings and mandates of this Court set forth in the Opinion and Judgment and the Mandate and invoking merely her own power to "suspend" the Tam Application on the statutory grounds this Court has held are unconstitutional. Mr. Tam has no other recourse for enforcement of this Court's prior orders, which calls for this Court's intervention.

For all the foregoing reasons, Mr. Tam requests that this Court order that the Director (i) publish the Tam Application for opposition in accordance with §12(a) of the Lanham Act; and (ii) in all other respects process the Tam Application without respect to the "disparagement" provisions of §2(a) in any regard whatsoever, including, if no opposition based on any other ground is filed following publication within the time specified by Section 13(a) of the statute or by Rules 2.101 or 2.102 of the Trademark Rules, or upon resolution of any proceedings based on such opposition in Petitioner's favor, by issuing to Mr. Tam a registration certificate for the word mark THE SLANTS on the Primary Register pursuant to Section 13(b) of the statute.

        Respectfully submitted,

        /s/ JOEL G. MACMULL

        _____

        RONALD D. COLEMAN
        JOHN C. CONNELL
        JOEL G. MACMULL
        **ARCHER & GREINER, P.C.**
        ONE CENTENNIAL SQUARE
        P.O. BOX 3000
        HADDONFIELD NJ 08033
        (856) 795-2121

        *Attorneys for Petitioner Simon Shiao Tam*

Dated: March 14, 2016

# United States Court of Appeals for the Federal Circuit

In Re: Simon Shiao Tam

## CERTIFICATE OF SERVICE

I, Elissa Matias, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by ARCHER & GREINER, P.C., attorneys for Petitioner to print this document. I am an employee of Counsel Press.

On **March 14, 2016** counsel has authorized me to electronically file the foregoing **Petition for Writ of Mandamus**, with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

HON. KAREN KUHLKE
ADMINISTRATIVE TRADEMARK JUDGE
UNITED STATES PATENT AND OFFICE
P.O. BOX 1451
ALEXANDRIA, VA 22313-1451

GERARD ROGERS
CHIEF ADMINISTRATIVE TRADEMARK JUDGE
TRADEMARK TRIAL AND APPEAL BOARD
U.S. PATENT AND TRADEMARK OFFICE
P.O. BOX 1451
ALEXANDRIA, VA 22313-1451

CHRISTINA HIEBER
UNITED STATES PATENT AND TRADEMARK OFFICE
OFFICE OF THE SOLICITOR
P.O BOX 1450
MAIL STOP 8
ALEXANDRIA, VA 22313

via Express Mail, by causing a true copy of each to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service.

Also on this date, the petition has been e-filed via the Court's CM/ECF system and 4 copies been sent to the Court via Federal Express overnight delivery.

March 14, 2016                                  /s/ Elissa Matias
                                                Counsel Press

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).

   __X__   The brief contains <u>2,292</u> words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii),or

   ____   The brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

   __X__   The brief has been prepared in a proportionally spaced typeface using <u>MS Word 2010</u> in a 14 point Times New Roman font or

   ____   The brief has been prepared in a monospaced typeface using <u>MS Word 2010</u> in a ___ characters per inch_____ font.

<u>March 14, 2016</u>                /s/ Joel G. MacMull
Date

                              Name: <u>Joel G. MacMull</u>
                              Attorney for Petitioner
                              Simon Shiao Tam