No. 2016-121

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

———————————————

**IN RE SIMON SHIAO TAM**

———————————————

Appeal from the United States Patent and Trademark Office,
Trademark Trial and Appeal Board

———————————————

**RESPONSE IN OPPOSITION TO
PETITION FOR WRIT OF MANDAMUS**

———————————————

Of Counsel:

THOMAS W. KRAUSE
  *Acting Solicitor*

CHRISTINA J. HIEBER
  *Senior Counsel for Trademark
  Litigation*

THOMAS L. CASAGRANDE
MARY BETH WALKER
  *Associate Solicitors
  Office of the Solicitor
  U.S. Patent and Trademark Office
  Mail Stop 8, P.O. Box 1450
  Alexandria, VA 22313*

BENJAMIN C. MIZER
  *Principal Deputy Assistant
  Attorney General*

MARK R. FREEMAN
DANIEL TENNY
MOLLY R. SILFEN
JOSHUA M. SALZMAN
  *Attorneys, Appellate Staff
  Civil Division, Room 7215
  U.S. Department of Justice
  950 Pennsylvania Ave., NW
  Washington, DC 20530
  (202) 514-1838*

## TABLE OF CONTENTS

**Page**

STATEMENT ...................................................................................................2

ARGUMENT ...................................................................................................4

CONCLUSION ...............................................................................................10

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**Cases:**                                                                                              **Page(s):**

*BlackLight Power, Inc. v. Rogan*,
    295 F.3d 1269 (Fed. Cir. 2002) ...........................................................................7

*FCC v. Pottsville Broad. Co.*,
    309 U.S. 134 (1940) ..........................................................................................6, 7

*Federal Power Comm'n v. Idaho Power Co.*,
    344 U.S. 17 (1952) ..................................................................................................6

*Fly v. Heitmeyer*,
    309 U.S. 146 (1940) ................................................................................................6

*Gould v. Quigg*,
    822 F.2d 1074 (Fed. Cir. 1987) ..............................................................................6

*In re Princo Corp.*,
    478 F.3d 1345 (Fed. Cir. 2007) ..............................................................................4

*In re Tam*,
    808 F.3d 1321 (Fed. Cir. 2015) ..................................................................... 2, 3, 5

*NLRB v. Food Store Emps. Union, Local 347*,
    417 U.S. 1 (1974) ....................................................................................................6

*PPG Indus., Inc. v. United States*,
    52 F.3d 363 (D.C. Cir. 1995) ..............................................................................5, 6

*SEC v. Chenery Corp.*,
    318 U.S. 80 (1943) ..................................................................................................5

*South Prairie Constr. Co. v. International Union of Operating Eng'rs*,
    425 U.S. 800 (1976) ............................................................................................5, 6

**Statute:**

15 U.S.C. § 1052(a) ...................................................................................................2

**Regulation:**

37 C.F.R. § 2.67 ...................................................................................................7, 8

**Other Authorities:**

37 Fed. Reg. 3897 (Feb. 24, 1972) ...........................................................................7

Order, *Lee v. Tam*, No. 15A925 (S. Ct. Mar. 10, 2016) ...........................................3

U.S. Patent and Trademark Office:
   Examination Guide 01-16 (Mar. 10, 2016), http://go.usa.gov/c7WJR ..................3

   Official United States Patent and Trademark Office Statement
     on the Trademark Trial and Appeal Board's Decision in *Blackhorse
     v. Pro Football, Inc.* (June 18, 2014), http://go.usa.gov/c7Dz4........................9

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

In re SIMON SHIAO TAM,

         Petitioner.

No. 2016-121

**RESPONSE IN OPPOSITION TO
PETITION FOR WRIT OF MANDAMUS**

    Petitioner Simon Shiao Tam seeks a writ of mandamus to compel the U.S. Patent and Trademark Office (USPTO) to publish his trademark application in the *Official Gazette* and to issue a registration certificate upon resolution of any issues raised by any prospective opposition to his application. *See* Pet. 9. He asserts that he has a clear and indisputable right to this relief based on the mandate issued by this Court in connection with its en banc decision.

    This Court's mandate did not require the USPTO to publish the application or to issue a registration certificate on any particular timetable. Indeed, the mandate did not instruct the USPTO to take *any* particular action on remand, much less direct the agency to issue a registration certificate to Tam before the completion of any Supreme Court review of this Court's decision. Instead, consistent with settled principles of administrative law, this Court vacated the USPTO's denial of Tam's application for registration and remanded the matter for further proceedings.

Now that Tam's application is back before the agency, it is subject to further consideration under the USPTO's generally applicable policies and procedures. The agency has adopted a policy suspending action, until the conclusion of any proceedings in the Supreme Court, on all applications that would be refused under the provision of section 2(a) of the Lanham Act that was declared unconstitutional by this Court, including but not limited to Tam's application. This policy adheres to longstanding USPTO practice when a court decision concerning an application or registration is subject to further review, regardless of whether the court agrees with the USPTO's analysis.

Tam fails to identify any clear and indisputable right to the relief he seeks. The USPTO's actions fully comply with the governing statutes and regulations, which specifically contemplate suspension of action in circumstances like these. The petition for a writ of mandamus should be denied.

## STATEMENT

Under section 2(a) of the Lanham Act, the USPTO may not register trademarks that "may disparage . . . persons, living or dead." 15 U.S.C. § 1052(a). This petition arises from this Court's resolution of Tam's challenge to the USPTO's refusal to register his mark based on section 2(a). Although this Court upheld the USPTO's finding that Tam's mark was disparaging under section 2(a), *see In re Tam*, 808 F.3d 1321, 1332 n.3 (Fed. Cir. 2015), it held that section 2(a) is

unconstitutional under the First Amendment, *id.* at 1358. Accordingly, this Court "vacate[d] the [Trademark Trial and Appeal] Board's holding that Mr. Tam's mark is unregistrable, and remand[ed] this case to the Board for further proceedings." *Id.*

This Court issued its decision on December 22, 2015, and issued its mandate on February 12, 2016. On March 10, 2016, the Chief Justice granted the government's application for an extension of time within which to file a petition for a writ of certiorari. *See* Order, *Lee v. Tam*, No. 15A925 (S. Ct. Mar. 10, 2016). Any such petition would now be due April 20, 2016.

Consistent with its regular practice when relevant legal proceedings may still be subject to Supreme Court review, the USPTO announced that it would suspend examination of all applications that would be unregistrable under the pertinent portion of section 2(a) but for this Court's decision in *Tam*. *See* U.S. Patent and Trademark Office, Examination Guide 01-16 (Mar. 10, 2016).[1] Accordingly, when Tam requested immediate action on his application, the USPTO cited its usual practice and informed Tam that "there will be no 'further proceedings' at the Board regarding this trademark application until the last of the following occurs: 1) the period to petition for a writ of certiorari (including any extensions) in *In re Tam* expires without a petition being filed; (2) a petition for certiorari is denied; or

---

[1] http://go.usa.gov/c7WJR

(3) certiorari is granted and the U.S. Supreme Court issues a decision." Letter from Thomas W. Krause, Acting Solicitor, USPTO, to Joel G. MacMull and Ronald D. Coleman, Mar. 11, 2016 [Pet. Ex. 4].

Tam now seeks a writ of mandamus to compel the USPTO to publish his application in the *Official Gazette* and to process his application in other respects.

## ARGUMENT

Tam mistakenly suggests that the USPTO has defied this Court's mandate. The USPTO has not taken any action inconsistent with this Court's mandate, which remanded the matter to the USPTO for further proceedings. Neither the Court's mandate nor any governing statute or regulation compels the USPTO to act on Tam's application by a specific date, let alone requires it to do so before the period for seeking Supreme Court review of this Court's en banc decision has expired. To the contrary, the regulations expressly contemplate that action may be suspended in circumstances like these.

1. Tam acknowledges that no writ of mandamus may issue unless he can establish that he has a "clear and indisputable" right to relief. Pet. 4 (quoting *In re Princo Corp.*, 478 F.3d 1345, 1353 (Fed. Cir. 2007)). The only authority that Tam points to as ostensibly providing such a right to relief is this Court's mandate issued in connection with its en banc decision. But this Court did not direct the USPTO to take particular actions within any set time frame. To the contrary, this

Court acted only to "vacate the [Trademark Trial and Appeal] Board's holding that Mr. Tam's mark is unregistrable, and remand this case to the Board for further proceedings." *In re Tam*, 808 F.3d 1321, 1358 (Fed. Cir. 2015).

This Court's decision does not provide Tam any right, much less a clear and indisputable right, to the relief he now seeks. This Court did not instruct the USPTO to take the particular actions, such as publication in the *Official Gazette*, to which Tam now claims a clear and indisputable right. Nor did this Court direct the USPTO to take any action by a specified date. Tam does not explain whether he asserts that a clear and indisputable right arose the moment this Court issued its mandate, or, if not, why such a right arose during the single month that elapsed between the issuance of this Court's mandate and Tam's demand for immediate action by the USPTO.

Far from directing the USPTO to take action on a particular time frame, this Court's decision remanded the matter and left it to the USPTO to conduct further proceedings as appropriate. This Court's action comported with "settled principles of administrative law," which provide that "when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." *PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 94-95 (1943); *South*

*Prairie Constr. Co. v. International Union of Operating Eng'rs*, 425 U.S. 800, 806 (1976); *Federal Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952)); *see also Gould v. Quigg*, 822 F.2d 1074, 1079 (Fed. Cir. 1987) (vacating district court order that purported to direct the USPTO to issue a patent, and instead instructing court to vacate the agency decision and remand the matter).

Applying these principles, the Supreme Court has dissolved writs of mandamus that purported to restrict the options available to an agency on remand following judicial review. *See FCC v. Pottsville Broad. Co.*, 309 U.S. 134 (1940) (holding that the court of appeals lacked authority to issue a writ of mandamus to control proceedings on remand after the court identified a legal error in the agency's original decision); *Fly v. Heitmeyer*, 309 U.S. 146 (1940) (rejecting request to require agency, on remand, to limit its review to the record previously before it); *see also NLRB v. Food Store Emps. Union, Local 347*, 417 U.S. 1, 11 (1974) (reversing court of appeals judgment that modified agency decision and instructing the court instead to remand the matter to the agency for further proceedings); *PPG Indus.*, 52 F.3d at 366 (noting that the Supreme Court has recognized that the agency has discretion to reopen proceedings on remand). The same principles foreclose the relief that Tam seeks here.

2.  This Court vacated the previous decision of the Trademark Trial and Appeal Board and returned the matter to the agency. Having now received the

6

matter on remand from the Court, the USPTO has the authority to determine the timing of further proceedings. The USPTO has broad discretion to manage its own docket. *See, e.g.*, *BlackLight Power, Inc. v. Rogan*, 295 F.3d 1269, 1273-74 (Fed. Cir. 2002) (USPTO may withdraw a patent application from issue, even after Notice of Allowance and publication in *Official Gazette*, where USPTO believes that the application has not been adequately examined). This Court's en banc decision limits the legal options available to the Board when it conducts further proceedings, but it does not eliminate the agency's discretion to determine the manner and timing of those proceedings. *See Pottsville Broad.*, 309 U.S. at 145 (concluding that FCC acted within its authority in reopening remanded proceeding to consider the litigant's application along with other applications, noting that "[t]he fact that in its first disposition the Commission had committed a legal error did not create rights of priority in the respondent, as against the later applicants, which it would not have otherwise possessed").

Tam points to no statutory or regulatory provision that would require the agency to act by a specific date. To the contrary, the only relevant source of authority supports the USPTO's actions in this case. A longstanding regulation, promulgated after notice and comment in 1972, provides that "[a]ction by the Patent and Trademark Office may be suspended for a reasonable time for good and sufficient cause." 37 C.F.R. § 2.67; *see* 37 Fed. Reg. 3897 (Feb. 24, 1972)

7

(promulgating current version of 37 C.F.R. § 2.67). Most relevant here, the regulation specifies that "[t]he fact that a proceeding is pending before the Patent and Trademark Office or a court which is relevant to the issue of registrability of the applicant's mark . . . will be considered prima facie good and sufficient cause." 37 C.F.R. § 2.67.

Tam makes no effort to explain why the USPTO lacked good and sufficient cause to suspend action on his application, whose proper disposition would be affected by any Supreme Court review of this Court's decision. Instead, Tam fails to address this regulation at all, an omission that alone suffices to refute his contention that he has a clear and indisputable right to relief.

The USPTO's regulation helps the agency to ensure that its decisions reflect final determinations by the judicial branch on relevant questions of law, and avoids a circumstance in which a registration is denied, issued, and then cancelled (or cancelled and then reissued) as a case proceeds through the court system. Indeed, the agency follows the same course when the federal courts rule in the USPTO's *favor*. When the Trademark Trial and Appeal Board determines in an *inter partes* proceeding that a registration should be cancelled, the USPTO does not give that cancellation effect by striking the registration from the Principal Register until after any judicial review has been completed and the time for filing a petition for a writ of certiorari has run. In *Blackhorse v. Pro-Football, Inc.*, for example, the

Board determined that the registration of certain trademarks associated with the Washington football team should be cancelled, but the Board has not actually given those cancellations effect—notwithstanding that the Board's decision was affirmed by a final judgment of the district court—because the matter remains under review in the federal courts. *See* U.S. Patent and Trademark Office, *Official United States Patent and Trademark Office Statement on the Trademark Trial and Appeal Board's Decision in* Blackhorse v. Pro Football, Inc., TTAB Cancellation No. 92046185 (June 18, 2014) ("The registrations will not appear in the USPTO's records as cancelled until after any judicial review is completed.").[2]

    Far from seeking to circumvent the mandates of courts of appeals, these procedures facilitate orderly judicial review of the USPTO's decisions. Their application in this case presents no basis for a writ of mandamus.

---

[2] http://go.usa.gov/c7Dz4

# CONCLUSION

For the foregoing reasons, the petition for a writ of mandamus should be denied.

Respectfully submitted,

*Of Counsel:*

THOMAS W. KRAUSE
  *Acting Solicitor*

CHRISTINA J. HIEBER
  *Senior Counsel for Trademark*
    *Litigation*

THOMAS L. CASAGRANDE
MARY BETH WALKER
  *Associate Solicitors*
  *U.S. Patent and Trademark Office*
  *Mail Stop 8, P.O. Box 1450*
  *Alexandria, Virginia 22313*

BENJAMIN C. MIZER
  *Principal Deputy Assistant*
    *Attorney General*

MARK R. FREEMAN

*s/ Daniel Tenny*
DANIEL TENNY
MOLLY R. SILFEN
JOSHUA M. SALZMAN
  *(202) 514-1838*
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C. 20530*
  *daniel.tenny@usdoj.gov*

MARCH 2016

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2016, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I also caused four paper copies to be delivered to the Clerk of the Court by hand delivery.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Daniel Tenny*
Daniel Tenny